UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JEANNE M. IWATA,<br><br>    Plaintiff,<br><br>v.<br><br>INTEL CORPORATION and MATRIX ABSENCE MANAGEMENT, INC.<br><br>    Defendants. | C.A. No. 04-10536 (WGY) |

### DEFENDANTS' ANSWER

Defendants Intel Corporation ("Intel") and Matrix Absence Management, Inc. ("Matrix") (collectively "Defendants") hereby answer the Complaint of Jeanne M. Iwata ("Iwata"). Any allegation not expressly admitted is denied.

The Introductory Statement is introductory in nature, to which no responsive pleading is required.

As to each of the numbered paragraphs of the Complaint, Defendants respond as follows:

1. Paragraph 1 of the Complaint asserts a legal conclusion to which no responsive pleading is required.

2. Paragraph 2 of the Complaint asserts a legal conclusion to which no responsive pleading is required.

3. Paragraph 3 of the Complaint asserts a legal conclusion to which no responsive pleading is required. To the extent that paragraph 3 contains any factual allegations, Defendants deny those allegations.

FHBOSTON/1150359.2

4. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 4 of the Complaint.

5. Defendants admit that Intel is a foreign corporation and maintains an office in Hudson, Massachusetts, and otherwise deny the allegations of paragraph 5 of the Complaint.

6. Defendants deny that Matrix maintains its headquarters at 7 Skyline Drive, Hawthorne, New York and otherwise admit the allegations of paragraph 6 of the Complaint.

7. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegation relating to Iwata's race and otherwise admit the allegations of paragraph 7 of the Complaint.

8. Defendants admit the allegations of paragraph 8 of the Complaint.

9. Defendants admit the allegations of paragraph 9 of the Complaint.

10. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of Plaintiff's use of the phrase "The following year," and otherwise deny the allegations of paragraph 10 of the Complaint.

11. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegation that Iwata met all performance expectations at Intel's predecessor-in-interest and otherwise admit the allegations of paragraph 11 of the Complaint.

12. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 12 of the Complaint and otherwise deny them.

13. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of "closely" and "often," deny the allegations to the extent they purport to describe all job responsibilities of an occupational health nurse and otherwise admit the allegations of paragraph 13 of the Complaint.

14 -33.   As to paragraphs 14-33 of the Complaint, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations relating to "the employee" as that individual is not identified in the Complaint.  Defendants further respond to those paragraphs as follows:

14.   Defendants admit that Iwata reported an incident in November 2000 and otherwise deny the allegations of paragraph 14 of the Complaint.

15.   Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 15 of the Complaint and otherwise deny them.

16.   Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 16 of the Complaint and otherwise deny them.

17.   Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 17 of the Complaint and otherwise deny them.

18.   Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 18 of the Complaint and otherwise deny them.

19.   Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 19 of the Complaint and otherwise deny them.

20.   Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 20 of the Complaint and otherwise deny them.

21.   Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 21 of the Complaint and otherwise deny them.

22.   Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 22 of the Complaint and otherwise deny them.

23. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 23 of the Complaint and otherwise deny them.

24. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 24 of the Complaint and otherwise deny them.

25. Defendants admit that Iwata reported that an employee had made statements related to a gun permit and that Iwata was a member of the Workplace Response Team and otherwise lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 25 of the Complaint. As to footnote 1 to paragraph 25, Defendants admit those allegations.

26. Defendants admit that Iwata followed company policy in reporting an incident and otherwise deny the allegations of paragraph 26 of the Complaint.

27. Defendants deny the allegation that Intel's security manager dismissed any threat and otherwise lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 27 of the Complaint.

28. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 28 of the Complaint.

29. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 29 of the Complaint.

30. Defendants admit that Iwata reported that she had learned of an e-mail and otherwise lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 30 of the Complaint.

31. Defendants state that an e-mail referenced in paragraph 31 of the Complaint is a written document which is incompletely quoted and, in its entirety, speaks for itself.

32. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 32 of the Complaint.

33. Defendants deny the allegation of "cavalier treatment" and otherwise lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 33 of the Complaint.

34. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of what, if any, actions, Iwata immediately took.

35. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 35 of the Complaint.

36. Defendants admit that Dr. Sorenson sent written communications to Intel recommending that Iwata's short-term disability leave be extended, state that those communications are written documents which speak for themselves and otherwise lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 36 of the Complaint.

37. Defendants admit the allegations of paragraph 37 of the Complaint.

38. Defendants state that the quoted material is from a written document, which speaks for itself.

39. Defendants admit the allegations of paragraph 39 of the Complaint.

40. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 40 of the Complaint.

41. Defendants deny the allegation of "formally" and otherwise admit the allegations of paragraph 41 of the Complaint.

42. Defendants admit the allegations of paragraph 42 of the Complaint.

43.     Defendants state that any such letter by Matrix to which Iwata refers is a written document which speaks for itself.

44.     Defendants admit that on or about April 29, 2002, the United States Social Security Administration determined Iwata to be totally disabled.

45.     Defendants admit that Iwata filed an administrative complaint with the Massachusetts Commission Against Discrimination and otherwise lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 45 of the Complaint.

46.     Defendants repeat and reallege their responses to paragraphs 1 through 45 as if fully set forth herein.

47-48.  Defendants assert that paragraphs 47 and 48 of the Complaint assert legal conclusions to which no responsive pleading is required and to the extent that those paragraphs contain any factual allegations, Defendants deny those allegations.

49.     Defendants repeat and reallege their responses to paragraphs 1 through 48 as if fully set forth herein.

50-51.  Defendants assert that paragraphs 50 and 51 of the Complaint assert legal conclusions to which no responsive pleading is required and to the extent that those paragraphs contain any factual allegations, Defendants deny those allegations.

52.     Defendants repeat and reallege their responses to paragraphs 1 through 51 as if fully set forth herein.

53-54.  Defendants assert that paragraphs 53 and 54 of the Complaint assert legal conclusions to which no responsive pleading is required and to the extent that those paragraphs contain any factual allegations, Defendants deny those allegations.

No responsive pleading is required as to paragraphs 55-56 of the Complaint as the Court dismissed Iwata's claim for relief under the Massachusetts Constitution on the grounds of ERISA preemption. To the extent that those paragraphs implicitly assert a claim for relief under M.G.L. ch. 151B, Defendants deny those allegations.

## PLAINTIFF'S JURY DEMAND

Defendants deny that Iwata is entitled to a trial by jury on some or all of her claims and deny that she has asserted a valid demand for trial by jury.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Iwata's Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Some or all of Iwata's claims are barred by the applicable statutes of limitations.

### THIRD DEFENSE

Some or all of Iwata's claims are barred by her failure to exhaust the administrative remedies under Intel's Long-Term Disability Plan ("Plan") and resort to such remedies is not futile.

### FOURTH DEFENSE

Some or all of Iwata claims fail because the decision of the plan administrator is entitled to deference, as it is not "arbitrary or capricious."

### FIFTH DEFENSE

Some or all of Iwata's claims fail because she does not have a "disability" as defined under the terms, conditions and exclusions of the Plan.

SIXTH DEFENSE

Some or all of Iwata's claims fail because her alleged disability cannot satisfy the requirement of "objective medical evidence" under the Plan.

SEVENTH DEFENSE

Some or all of Iwata's claims fail because she has failed to name a necessary and indispensable party.

NINTH DEFENSE

Some or all of Iwata's claims fail because she admits to being "totally disabled," is not otherwise a qualified individual with a disability and was not at all times able to perform the essential functions of her job, with or without reasonable accommodation.

TENTH DEFENSE

Some or all of Iwata's claim fail because the Employee Retirement Income Security Act of 1974 ("ERISA") does not require an employer to provide a certain level of long-term disability benefits and does not prohibit an employee welfare benefit plan from treating different disabilities differently or require an employee welfare benefit plan to treat all disabilities similarly.

ELEVENTH DEFENSE

Some or all of Iwata's claims under 29 U.S.C. § 1132(a)(3) fail because she does not seek traditional equitable relief.

TWELFTH DEFENSE

Some or all of Iwata's claims under 29 U.S.C. § 1132(a)(3) fail because she has other avenues of relief under ERISA.

THIRTEEN DEFENSE

Some or all of Iwata's claims fail because Matrix acted in accordance with the terms of the Plan.

FOURTEENTH DEFENSE

Some or all of Iwata's claims fail because Matrix is not a covered entity under the Americans With Disabilities Act (ADA).

FIFTEENTH DEFENSE

Some or all of Iwata's claims fail because there are legitimate, non-discriminatory reasons for differentiation between the provision of long-term disability benefits under the Plan for mental and physical disabilities.

SIXTEENTH DEFENSE

Some or all of Iwata's claims are barred because the differentiation in the provision of long-term disability benefits under the Plan does not constitute legally cognizable discrimination.

SEVENTEENTH DEFENSE

Some or all of Iwata's claims are barred because all eligible employees of Intel had access to participate in the Plan, regardless of disability status.

EIGHTEENTH DEFENSE

Some or all of Iwata's claim fail because the differentiation in the provision of long-term disability benefits under the Plan, of which Iwata complains, is permitted under the "safe harbor" provision of the Americans With Disabilities Act, 42 U.S.C. § 12201(c).

NINETEENTH DEFENSE

Some or all of Iwata's claim fail because she does not have a disability or handicap, as a matter of law.

## TWENTIETH DEFENSE

Iwata's injuries, if any, were caused by the actions or omissions of persons for whom the Defendants are not legally responsible.

## TWENTY-FIRST DEFENSE

Some or all of Iwata's claims fail because the ADA as matter of law, absent express Congressional action, cannot be read as an ex post hoc interpretation of ERISA.

## TWENTY-SECOND DEFENSE

Some or all of Iwata's claims fail because the result she seeks is matter for Congress and the federal courts lack authority to legislate the issue.

## TWENTY-THIRD DEFENSE

Some or all of Iwata's claims fail because she fails to allege that Defendants are recipients of federal financial assistance.

## TWENTY-FOURTH DEFENSE

Iwata is collaterally estopped from bringing a claim under Massachusetts General Laws Chapter 151B.

## TWENTY-FIFTH DEFENSE

Some or all of Iwata's claims fail because they are preempted by ERISA.

## TWENTY-SIXTH DEFENSE

Any recovery herein is limited to the terms, conditions, limitations, exclusions and other provisions of the Plan and/or ERISA, as administered and determined by the Plan administrator in its discretion.

## TWENTY-SEVENTH DEFENSE

Iwata's damages, if any, are speculative and, therefore, not recoverable.

### TWENTY-EIGHTH DEFENSE

Iwata has failed to mitigate their damages, if any.

### TWENTY-NINTH DEFENSE

Iwata's damages, if any, are barred by the doctrine of setoff.

### THIRTIETH DEFENSE

The demand for attorneys' fees should not be granted as the Defendants acted in accordance with the terms of the Plan and in good faith.

Defendants reserve the right to amend their answer should they learn through discovery of facts supporting additional affirmative defenses.

WHEREFORE, Defendants respectfully request that the Court:

1. Grant judgment in their favor, dismissing all counts of the Complaint;

2. Award them reasonable attorneys' fees and costs incurred in defending this action; and

3. Grant such other and further relief as the Court deems just and proper.

>                          INTEL CORP. AND MATRIX
>                          ABSENCE MANAGEMENT, INC.
>
>                          By their attorneys,
>
>                          s/ Robert A. Fisher
>                          Michele A. Whitham, BBO # 553705
>                          Robert A. Fisher, BBO # 643797
>                          Foley Hoag LLP
>                          155 Seaport Boulevard
>                          Boston, MA 02210
>                          (617) 832-1000

Date: January 7, 2005

## CERTIFICATE OF SERVICE

    I, Robert A. Fisher, hereby certify that on January 7, 2005 I caused to be served by U.S. mail, postage prepaid, a true and correct copy of the foregoing document upon counsel of record for each other party in this matter.

                                                 s/ Robert A. Fisher